UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ANTHONY C. OTTAH,

                Plaintiff,

                                                                      **MEMORANDUM AND ORDER**
        -against-                                          16-CV-4241 (RRM) (LB)

CARL IFEACHO NWABUDA and
EDWIN ONYEMELUKWE,

                Defendants.
----------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff Anthony C. Ottah brings this *pro se* action against defendants Carl Ifeacho Nwabuda and Edwin Onyemelukwe. Ottah's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

       The complaint – prepared on a form complaint for a civil case – does not establish a basis for this Court's jurisdiction or suggest any cause of action. Ottah names as defendants two individuals at 150 William Street, the location of the New York City Administration for Children's Services. In the "Basis for Jurisdiction" section of the form complaint," Ottah checks a box indicating that jurisdiction is based on federal question. (Compl. (Doc. No. 1) at 4.) In the space provided for Ottah to state the basis for federal question jurisdiction Ottah writes: "LIBERTY (FREEDOM). America was founded on the guise of liberty/freedom, and when that is threatened are we still Americans?" (*Id.*) Ottah does not suggest any specific threat to liberty or other civil rights. Instead, Ottah's statement of claim lists a series of film titles, performing artists, and songs. (*Id.* at 5.) In the section for "Relief," Ottah states:

            freedom to be myself

> speech, think, talk, see, hear
> dream, turned me black, inhaling coloring
> not be sick
> inhaling soap, cigarette, drugs of all kinds.

(*Id.* at 6.) Ottah states that the amount in controversy is: "$600 billion dollars movies, television shows, records in English, Igbo, France, and German. Books, cartoons, comic books." (*Id.* at 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court is required to dismiss an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). The Court generally

should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See *Twombly v. Bell Atl. Corp*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). A court may dismiss a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

## DISCUSSION

The instant complaint is patently frivolous and fails to conform with the dictates of Rule 8. Ottah lists a series of popular films, songs, and artists, without drawing any connection to Ottah or the defendants. It contains no statement of claim showing that Ottah is entitled to relief. Accordingly, the Court finds that the allegations are the product of delusion or fantasy, and thus, the action "is frivolous or malicious" and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As the Court can conceive of no possible amendment that could make the complaint any more plausible, leave to amend is not granted.

## CONCLUSION

For the foregoing reasons, Ottah's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment accordingly.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff *pro se*, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
October 31, 2016